319 So.2d 67 (1975)
CALDER RACE COURSE, INC., a Florida Corporation, Petitioner,
v.
BOARD OF BUSINESS REGULATION, etc., et al., Respondents.
No. Z-201.
District Court of Appeal of Florida, First District.
August 19, 1975.
Rehearing Denied September 4, 1975.
Wilbur E. Brewton, of Taylor, Brion, Buker & Greene, Tallahassee, for petitioner.
Stuart W. Patton, of Patton, Kanner, Nadeau, Segal, Zeller & LaPorte, Miami, and William D. Moore, Tallahassee, for respondents.
SMITH, Judge.
Calder Race Course, Inc., holder of a State license to conduct pari-mutuel thoroughbred racing in Dade County, petitions for review of an order entered by the Board of Business Regulation on July 25, 1975, granting the application by West Flagler Associates, Ltd., a pari-mutuel greyhound racetrack operator, for permission to conduct additional matinee races between now and the season end on September 4. The additional matinee dates were granted in order to partially recoup the tax revenue lost as a result of Flagler's cancellation earlier this summer of 26 performances due to a dispute with greyhound owners. Calder contends that the Board acted improperly by failing to observe the notice, hearing and other procedural requirements of § 120.54, F.S. 1973 (1974 *68 Sup.), pertaining to rulemaking, and in finding that there is "an immediate danger to the public ... welfare" requiring emergency action necessary to protect the public interest. Sec. 120.54(8)(a), F.S. 1973 (1974 Sup.).
The Supreme Court last month held that the dispute between Flagler and the greyhound owners inflicted grave injury on the interests not only of Flagler but also of the State. Wilson v. Sandstrom, and Florida Greyhound Owners & Breeders Ass'n., Inc. v. West Flagler Assoc., Ltd., 317 So.2d 732 (Fla., 1975):
"... the State of Florida, through the loss of an estimated $64,000 a day in revenue, is irreparably harmed in that there is no other source to offset this loss of revenue. Furthermore, the State is losing the confidence of the public in its ability to properly regulate the gambling activities in pari-mutuel wagering... ."
"Furthermore, the State of Florida has granted to Flagler specific dates for racing  July 3rd to September 4th. Once these racing dates are lost, they may be lost forever, as another track is scheduled to open on the day Flagler is scheduled to close... ."
"In an effort to renegotiate an existing contract by ignoring an injunctive order of the judiciary, the kennel owners have gravely affected the public interest, the revenue of the State of Florida and the revenue of individual counties... ."
The effect of the Board's order is to permit Flagler to conduct matinee races on nine days of its remaining season in addition to the 50 matinees which it was previously granted. These additional matinees will be conducted simultaneously with Calder's previously authorized thoroughbred racing, and on those nine days the two licensees will compete for the pari-mutuel dollar. Calder, finding that its revenues and tax remittances increased substantially during the 26-day period in which Flagler was unable to operate, anticipates revenue losses on the days of additional greyhound matinees.
The Board of Business Regulation, having authority to approve the dates for racing at horse and dog tracks § 550.01, F.S. 1973], has adopted a policy of limiting greyhound matinees to 50 days, so to limit the occasions for competition between greyhound matinees and thoroughbred roving. We need not decide whether the Board's statement of that policy is a rule within the meaning and application of the Administrative Procedure Act, Sec. 120.52(13), F.S. 1973 (1974 Sup.), and, if so, whether the July 25 order varying that policy was itself a rule. For whether the Board's action on July 25 was the promulgation of a rule or the mere issuance of an order not having effect as a rule [§ 120.52(8), F.S. 1973 (1974 Sup.)], the Board had power to act independently of § 120.54, F.S. 1973 (1974 Sup.), to meet an immediate danger to the public welfare requiring emergency action to protect the public interest. Secs. 120.54(8)(a), 120.59(3), F.S. 1973 (1974 Sup.). In this case, after deliberations in which Calder was heard, the Board found that the public welfare is immediately in danger by the prospect of losing, between now and September 4, all opportunity the State has to mitigate its loss of tax revenue resulting from the greyhound owner dispute earlier this season. In the light of the Supreme Court's decision in that case, the Board's finding that carefully circumscribed emergency action is necessary to avert injury to the public welfare is supported by substantial competent evidence. The Board did not abuse its discretion or otherwise err in granting Flagler relief.
The petition is denied. Due to the exigencies of time, the period within which a petition for rehearing may be filed is shortened to five days.
RAWLS, Acting C.J., and McCORD, J., concur.