376 So.2d 1200 (1979)
Edward KRAJENTA, Petitioner,
v.
DIVISION OF WORKERS' COMPENSATION, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, State of Florida, Respondent.
No. 79-1612.
District Court of Appeal of Florida, Second District.
November 2, 1979.
Stephen J. Wein, D.C. Anderson, Anderson & Spangler, St. Petersburg, for petitioner.
Dan F. Turnbull, Jr., Tallahassee, for respondent.
RYDER, Judge.
Krajenta seeks review of Emergency Rule 38 FER 79-4, which was promulgated *1201 by the Division of Workers' Compensation on August 1, 1979, and became effective on that same date. We agree with petitioner's contention that the rule was not adopted in accordance with the requirements of Section 120.54(9)(a), Fla. Stat. (Supp. 1978). Therefore, we grant the petition and declare the rule invalid.
Petitioner filed a claim with the Bureau of Workmen's Compensation on August 3, 1979 for injuries and occupational disease allegedly received on November 2, 1978 while he was employed as a baker in Pinellas County. The claim was filed pursuant to Section 440.19(1)(c), Fla. Stat. (1977),[1] Fla. W.C.R.P. 4,[2] on a form provided by the Bureau and containing all of the required information. Approximately two weeks later, however, petitioner received a form letter dated August 14 from the Acting Chief of the Bureau, acknowledging receipt of the claim, but stating:
It appears that you are attempting to claim certain benefits in a manner that does not substantially satisfy the specific requirements of [Division of Workers' Compensation Rule 38 FER 79-4, Section 3.10]. For this reason, I would request that you file a specific claim for those benefits which have not been specifically set forth in your recent letter as required by this rule.
It is thus apparent that the claim was rejected, not because it had failed to satisfy the requirements of Section 440.19(1)(c), Fla. Stat. (1977), or Fla.W.C.R.P. 4, but because it was deficient under Section 3.10 [Claim for Benefits] of the emergency rule.
Emergency Rule 38 FER 79-4 was adopted as a result of the sweeping amendments to Chapter 440 and it contains sixteen sections dealing with everything from "Original Reports to be Filed" to "Destruction of Obsolete Records." Section 3.10 drew its rule-making authority from Section 440.25(1), Ch. 79-40, Laws of Florida,[3] and provides that any claim for benefits under Chapter 440, regardless of the date of the accident or occupational disease, shall be filed with the Division[4] and contain the information required by Section 440.19(2)(d), Ch. 79-40, Laws of Florida. This section, which is an amendment and redesignation of Section 440.19(1)(c), represents a radical departure from prior requirements with respect to the filing of claims (and, for that matter, from the traditional source of creating and disciplining the pleading by *1202 which civil actions are initiated), and provides:
(d) Such claim shall be filed with the Division at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the Division and the employer on notice with respect to the identity of the parties and the specific compensation benefit which is due but has not been paid or is not being provided. Any claim, or portion thereof, not in compliance with this subsection shall be subject to dismissal upon motion of any interested party, the Division, or the Deputy Commissioners.[5] (emphasis added).
Neither do we concern ourselves here with the substantive validity of the emergency rule sections under the 1979 amendments to Chapter 440, nor need we address petitioner's contention that if the rule is valid, Section 3.10 may not be applied to claims filed after August 1, 1979 for injuries which occurred prior to that date. Our sole concern is whether the requirements of Section 120.54(9)(a), Fla. Stat. (Supp. 1978),[6] which governs emergency rule making, were complied with by the Division. We have jurisdiction to review "[t]he agency's finding of immediate danger, necessity, and procedural fairness... ." Times Publishing Co. v. Florida Department of Corrections, 375 So.2d 304 (Fla. 2d DCA 1979); Postal Colony Co., Inc. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977); Section 120.54(9)(a)(3), Fla. Stat. (Supp. 1978).
Section 120.54(9), Fla. Stat. (Supp. 1978), allows for the acceleration of the normal rule-making process provided for in Section 120.54. For example, while a proposed rule will not become effective until twenty days after being filed with the Department of State, an emergency rule may become effective immediately on filing. Sections 120.54(9)(d), 120.54(12)(a), Fla. Stat. (Supp. 1978). Moreover, an agency which proposes to adopt emergency rules is not required to comply with Section 120.54(11)(a), which requires an agency to file a copy of its proposed rules with the Administrative Procedures Committee at least twenty-one days prior to its proposed adoption date. Section 120.54(11)(a), Fla. Stat. (Supp. 1978). See 1 Florida Administrative Practice Manual § 9.10(b) (1979). Because of the accelerated process, not only may emergency rules be appealed directly, without exhaustion of administrative remedies, Times Publishing Co. v. Florida Department of Corrections, supra, but the courts, in the few instances in which the issue has arisen, have not been hesitant in striking down emergency rules which were not adopted in strict compliance with Section 120.54(9). Times Publishing Co. v. Florida Department of Corrections, supra; Let's Help Florida v. Smathers, 360 So.2d 496 (Fla. 1st DCA 1978); Postal Colony Co., Inc. v. Askew, supra. Cf. Calder Race Course v. Board of Business Regulation, 319 So.2d 67 (Fla. 1st DCA 1975).
An agency may adopt an emergency rule if (1) it finds that an immediate danger to the public health, safety or welfare exists, and (2) it files with the Department of State, at the time of its action, a statement meeting the requirements of Section 120.54(9)(a)(3), *1203 Fla. Stat. (1977). See Fla. Admin. Code Model Rule 28-3.37(a)-(b).
While the Division did file the following statement with the Department of State on August 1, 1979, and had the same statement published in the August 3 issue of the Florida Administrative Weekly, we conclude that it failed to establish a sufficient predicate for promulgation of the emergency rule:
SPECIFIC REASONS FOR FINDING AN IMMEDIATE DANGER TO PUBLIC HEALTH, SAFETY, AND WELFARE: Prior to August 1, 1979, administrative responsibility, including rule making, for Florida's Workers' Compensation program was vested in the Division of Labor. Pursuant to that responsibility, the Division of Labor promulgated administrative rules necessary to implement the Workers' Compensation Law in Florida. Effective August 1, 1979, that legislative delegation of authority was repealed and a new Division of Workers' Compensation was created. The Division of Workers' Compensation was given the responsibility for administering said program and the necessary rule-making authority effective August 1, 1979. This was not, however, accomplished by a transfer of the program, including its rules, from the Division of Labor to the Division of Workers' Compensation. In order for the new Division of Workers' Compensation to discharge its statutory duty of administering the Workers' Compensation Law, the subject rule is necessary. Failure to promulgate this rule would prevent the Division of Workers' Compensation from fully implementing and administering the Workers' Compensation program in Florida.
REASONS WHY PROCEDURE USED IS FAIR UNDER THE CIRCUMSTANCES: This rule adopts many of the claims rules of the Division of Labor which were adopted pursuant to Chapter 120. The other provisions are adopted to conform with a number of the recently amended provisions of Chapter 440, F.S., which become effective on August 1, 1979 and which were required to be implemented by rule.
SUMMARY: Establishes procedures relative to filing workers' compensation claims for benefits with the Division of Workers' Compensation. Provides for certain required reports and notices to be filed and sets out procedures for requesting hearings on workers' compensation claims. Provides that certain reports and requests be submitted to employers by claimants.
DATE AND TIME OF EFFECTIVENESS: August 1, 1979.
A COPY OF THE EMERGENCY RULE MAY BE OBTAINED BY WRITING TO: Suite 201-Ashley Building, 1321 Executive Center Drive, East, Tallahassee, Florida 32301.
In essence, the alleged emergency is the absence of rules to enable the newly created division to administer the workers' compensation program. We find this to be an exaggeration. While it is true that the "new" Division[7] began business on August 1, 1979, without its very own rules, the rules of its "predecessor", as well as the Florida Workers' Compensation Rules of Procedure, were still in effect. Moreover, the amendments to Chapter 440, especially Section 440.19(2)(d), Ch. 79-40, Laws of Florida, are clear enough in themselves. Certainly, implementing rules are authorized by Section 440.25, and they will eventually be necessary for the day-to-day operation of the division, but the absence of said rules on the effective date of the amendments just as certainly did not constitute an "immediate danger to the public health, safety and welfare."
For the foregoing reasons, we declare Emergency Rule 38 FER 79-4 invalid and direct the Division to accept petitioner's claim for benefits under the rules in effect prior to August 1, 1979.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] Such claim shall be filed with the Division at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and the cause of the injury or such fairly equivalent information as will put the Division and the employer on notice with respect to the identity of the parties and the nature of the claim.
Although this and other sections of Chapter 440 were repealed, effective July 1, 1979, by § 23, Ch. 78-300, Laws of Florida, the legislature amended these sections in Ch. 79-40, Laws of Florida, and provided in § 124 that "[n]otwithstanding the provisions of Ch. 78-300, Ch. 400, ... shall not stand repealed on July 1, 1979 as scheduled, ... but Ch. 440, ... as amended, is hereby revived and readopted." Later in the same session, however, the legislature provided in Ch. 79-312 that the effective date of the amendments in Ch. 79-400 would be August 1, 1979. § 440.19(1)(c), Fla. Stat. (1977).
[2] Fla.W.C.R.P. 4 reflects the language of Section 440.19(1)(c):

Claims for compensation shall be filed with the Bureau, and shall contain the name, social security number, and address of the employee, the name and address of the employer, and a statement of the time, place (including county), nature and cause of the injury or such fairly equivalent information as will put the Bureau and the employer on notice concerning the identity of the parties, claimants, and the nature of the claim.
[3] This section provides:

(1) Subject to the provisions of § 440.19, claim [sic] for compensation may be filed with the division... in accordance with rules prescribed by the division at any time after a specific benefit becomes due and is not paid... . Chapter 79-40, Laws of Florida.
[4] Formerly, the "Division" meant the Division of Labor of the Department of Commerce. § 440.02(8)(a). However, § 2, Ch. 79-40 created the Division of Workers' Compensation and placed it in the Department of Labor and Employment Security. As indicated in n. 1, supra, the Division of Workers' Compensation did not come into being until August 1, 1979.
[5] The underlined portion was substituted for "nature of the claim"; the last sentence is new. See n. 1, supra.
[6] if an agency finds that an immediate danger to the public health, safety or welfare requires emergency action, the agency may adopt any rule necessitated by the immediate danger by any procedure which is fair under the circumstances and necessary to protect the public interest, provided that:
3. The agency publishes in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety or welfare and its reasons for concluding that the procedure used is fair under the circumstances. In any event, notice of emergency rules, ... shall be published in the first available issue of the Florida Administrative Weekly. The agency's finding of immediate danger, necessity, and procedural fairness shall be judicially reviewable. § 120.54(9)(a), Fla. Stat. (1977).
[7] Whether it is truly a "new" Division, or merely the "old" Division sporting a new name and headquartered under another executive department, is open to question.